UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THERESA M. SPENCER,

                              Plaintiff,         **DECISION AND ORDER**
V.                                                   06-CV-160S

ARIZONA PREMIUM FINANCE CO., INC.,

                              Defendant

## I. INTRODUCTION

Plaintiff Theresa M. Spencer commenced this action on March 16, 2006, by filing a Complaint in the United States District Court for the Western District of New York against Defendant Arizona Premium Finance Co., Inc. ("Arizona"). Spencer filed an Amended Complaint on June 5, 2008, asserting claims for Arizona's alleged violation of the Credit Repair Organization Act, 15 U.S.C. §§ 1679 *et seq*. ("CROA"), and New York General Business Law § 349, and for common law intentional infliction of emotional distress.

Currently before this Court are Plaintiff's Motion for Leave to file a Second Amended Complaint, Defendant's Motion to Dismiss the Amended Complaint, and Plaintiff's Motion to Strike. For the reasons set forth below, Plaintiff's Motion for Leave to Amend is granted in part and denied in part, the Motion to Dismiss is denied as moot, and the Motion to Strike is denied as moot.

## II. DISCUSSION

**A.    Plaintiff's Motion for Leave to File a Second Amended Complaint**

In her Amended Complaint, Plaintiff alleges that she borrowed funds from Arizona to purchase automobile insurance and repaid all sums owed no later than May 30, 2005. Despite purportedly making full payment, she claims to have received telephone calls from Arizona two to three times a day, beginning in June 2005 and continuing for approximately ten months thereafter, in which Arizona stated that she still owed a debt, it had reported her delinquency to credit agencies, and she must pay the obligation to repair her credit. On these same fact allegations, Plaintiff now seeks to amend her Amended Complaint to add two new legal claims for violations of: (1) section 223 of the Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.*; and (2) the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be freely given when justice so requires. *See* Livingston v. Piskor, 215 F.R.D. 84, 85 (W.D.N.Y. 2003). "Absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." Monahan v. New York City Department of Corrections, 214 F.3d 275, 283 (2d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)), *cert. denied*, 531 U.S. 1035 (2000).

In support of her Motion for Leave to Amend, Plaintiff states that the proposed amendment will not cause undue delay or prejudice to Defendant because no answer has been filed and no discovery has been conducted. (Docket No. 12, Affidavit of Kenneth R.

Hiller, Esq. ¶ 11.)

Defendant has filed an attorney's affidavit and the affidavit of Jay A. Rosenblum, Arizona's President, in opposition. These affidavits do not separately address the legal claims Plaintiff seeks to add and are unaccompanied by any legal analysis. In general, Defendant appears to assert that the motion should be denied due to Plaintiff's delay in bringing these claims and because "there is simply no basis for th[em]." (Docket No. 15, Affidavit of Steven G. Legum, Esq. ¶¶ 4, 6.)

### 1. The Communications Act Claim

Plaintiff first seeks to add a claim under section 223 of the Communications Act, alleging that Defendant used telecommunications devices with the intent to annoy, abuse, threaten and harass Plaintiff while engaged in interstate debt collection in violation of that statute. However, "47 U.S.C. § 223 is a criminal statute that prohibits the making of obscene or harassing telecommunications, but creates no private right of action." Sloan v. Truong, 573 F. Supp. 2d 823, 829 (S.D.N.Y. 2008) (citing Ghartey v. Chrysler Credit Corp., No. CV-92-1782 (CPS), 1992 U.S. Dist. LEXIS 18185, at *13-16 (E.D.N.Y. Nov. 18, 1992) (holding that there is no express or implied provision for private remedy under section 223)); *see also*, Watson v. NCO Group, Inc. 462 F. Supp. 2d 641, 643 n.1 (E.D. Pa. 2006) (plaintiff withdrew Communications Act claim after acknowledging that § 223 is a criminal statute).

Because section 223 does not provide for a private right of action, Plaintiff has no standing to bring a claim. Absent standing, the Court is without a viable basis for

jurisdiction over the claim and its addition would be futile as a matter of law.[1] Accordingly, this Court denies Plaintiff's motion to amend insofar as she seeks to add a claim under 47 U.S.C. § 223.

### 2. The TCPA Claim

Plaintiff next seeks to add a claim under the TCPA, alleging that Defendant violated the statute when it initiated telephone calls to her residential line and used an artificial or prerecorded voice to deliver messages without her prior consent. According to Plaintiff, there was no caselaw supporting the maintenance of a claim under the TCPA in circumstances such as hers until the Eastern District of Pennsylvania decided Watson v. NCO Group, Inc., 462 F. Supp. 2d 641 (Oct. 3, 2006), *reconsideration denied* (Nov. 28, 2006). There, the district court held that erroneous calls made to a non-debtor do not fall within the exemptions from the TCPA's prohibitions that typically apply to debt collection calls.[2] *Id.* at 644. Plaintiff filed her Motion for Leave to Amend approximately six months after the Watson reconsideration motion was decided.

Defendant contends that Plaintiff unduly delayed in coming forward with this new

---

[1] Although Defendant did not object to this claim on jurisdictional grounds, district courts have an obligation to address subject matter jurisdiction *sua sponte*. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004); Fed. R. Civ. P. 12(h)(3).

[2] Plaintiff apparently purports to be a non-debtor like the plaintiff in Watson, perhaps because she claims to have fully paid her debts before Defendant began calling her. Defendant disputes Plaintiff's contention that her circumstances fall outside the TCPA's exemptions applicable to debt collection calls. (Legum Aff., Docket No. 15, ¶ 7). However, to the extent Defendant seeks to argue futility, it makes no attempt to analyze the TCPA's provisions and the FCC's regulations and apply them to Plaintiff's fact allegations. An amendment should not be denied as futile unless "the proposed new claim would not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Manley v. Mazzuca, No. 01 Civ. 5178, 2007 U.S. Dist. LEXIS 88000, at *8-9 (S.D.N.Y. Nov. 30, 2007) (citing, *inter alia*, Milanese v. Rust-oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001)). Defendant's bare assertion that Watson is not applicable here is not sufficient to establish that Plaintiff's allegations, if accepted as true, fail to state a cognizable claim for relief.

cause of action.  However, "delay, standing alone, is an insufficient basis to deny leave to amend."  United States v. Continental Ill. Nat'l Bank, 889 F.2d 1248, 1254-55 (1989) (citations omitted).  "In order to deny a motion to amend on the ground of delay, said ground must be accompanied by either bad faith or undue prejudice."  Nelson v. Ulster County, No. 1:06-CV-1057, 2007 U.S. Dist. LEXIS 58267, at *9 (N.D.N.Y. Aug. 7, 2007) (citing Block v. First Blood Assoc.'s, 988 F.2d 344, 350 (2d Cir. 1993)).  "The party opposing such amendment has the burden of establishing that leave to amend [should be denied]."  Sokolski v. Trans Union Corp. and Bank One Columbus, N.A., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citing Harrison v. NBD, Inc., 990 F. Supp. 179 (E.D.N.Y. 1998)).  Thus, while there was clearly some delay in Plaintiff's filing of her motion, the critical questions are whether Plaintiff acted in bad faith and whether Defendant will suffer significant prejudice as a result of the delay.

Defendant first contends that there is "no good faith basis" for the existing action or the proposed amendment.  (Docket No. 15, Legum Aff. ¶¶ 2, 5-6.)  This argument appears to be premised on the unsupported Affidavit of Arizona's President, Jay A. Rosenblum.  He avers that, were the Court to review Arizona's records, those records would establish that Arizona made only seven calls to Plaintiff (as opposed to the approximately 1,000 calls she alleges), all prior to March 30, 2005.  (Docket No. 15, Legum Aff., ¶ 5, Rosenblum Aff., ¶ 5.)  In other words, Defendant appears to contend that neither Plaintiff's Amended Complaint nor her proposed second amendment can survive a motion for summary judgment.  So, while Defendant urges "bad faith," its argument actually is one of futility.

At this stage of the pleadings, there is no requirement that Plaintiff prove her case, or the merits of her proposed TCPA claim.  The standard for evaluating opposition to a

5

proposed amendment, on the ground it would be futile, is whether the opposing party has established that the claim could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fei v. WestLB AG, No. 07CV8785, 2008 U.S. Dist. LEXIS 16338, *5 (S.D.N.Y. Mar. 5, 2008). In making this determination, a district court merely assesses the legal feasibility of the complaint, not "the weight of the evidence which might be offered in support thereof." Connell v. City of New York, No. 00 Civ. 6306, 2002 U.S. Dist. LEXIS 215, *6 (S.D.N.Y. Jan. 8, 2002) (quotation omitted). A district court may not deny a motion to amend where a colorable ground for relief exists. Hines v. City of Albany, 542 F. Supp. 2d 218, 224 (N.D.N.Y. 2008).

Where, as here, a defendant has not challenged the sufficiency of the pleadings under Rule 12(b)(6), there is no basis from which to make the above assessment. Absent such a challenge, the Court's task is merely to assess the adequacy of the pleading under Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Connell, 2002 U.S. Dist. LEXIS 215, at *4-5. Plaintiff's proposed TCPA claim meets this standard. To the extent Defendant argues futility based on the purported merits of the proposed claim, its argument is rejected as premature.

Defendant next states that it already "has been forced to make" two motions to dismiss, and urges that an amendment "at this late stage" should not be permitted. (Docket No. 15, Legum Aff. ¶ 6.) Although Defendant does not explicitly claim prejudice, it is implied and will be addressed.

As a preliminary matter, the Court is puzzled by Defendant's assertion that it was "forced" to move for dismissal of Plaintiff's Amended Complaint. Defendant did not file its Motion to Dismiss until two and one-half weeks after Plaintiff moved for leave to file a

second amended complaint. Defendant certainly had the option of requesting that its response to the Amended Complaint be stayed in light of Plaintiff's motion, but instead chose to move against a pleading it knew might be superseded. Defendant's decision to engage in what might prove to be unnecessary motion practice is not a basis for denying Plaintiff's motion to amend on prejudice grounds.

In determining what constitutes prejudice from the amendment of a pleading, courts generally consider whether the addition of the proposed claim will require the defendant to expend significant additional resources in discovery and trial preparation, or significantly delay the resolution of the dispute. Nelson, 2007 U.S. Dist. LEXIS 58267, at *9 (citations omitted). Here, no discovery has been conducted and the proposed TCPA claim is predicated on the same fact allegations as Plaintiff's existing claims. There is no basis from which this Court can conclude that its addition will burden Defendant with significant additional discovery or trial preparation. Likewise, this Court cannot discern any basis for concluding that the additional time for filing a response to a second amended complaint will significantly delay ultimate resolution of this case.

Accordingly, Plaintiff's Motion for Leave to Amend is granted as to the TCPA claim only. Plaintiff is directed to file her Second Amended Complaint within 20 days after the date of this decision and to make no revisions to the proposed Second Amended Complaint except for the deletion of the claim under 47 U.S.C. § 223, the deletion of any fact allegations relating to the § 223 claim only, and any necessary renumbering.

## B. The Remaining Motions

The partial grant of Plaintiff's Motion for Leave to Amend moots Defendant's Motion to Dismiss the Amended Complaint. Accordingly, Defendant's Motion to Dismiss is denied.

Defendant is directed to answer or move against the Second Amended Complaint within 20 days after its filing.

Plaintiff has moved to strike "the affidavit of Jay A. Rosenbaum [sic] sworn to June 22, 2007." (Docket No. 17.)  This affidavit (Docket No. 15) was submitted in opposition to Plaintiff's Motion for Leave to Amend.  However, it seems clear from Plaintiff's Motion (Docket No. 17) and supporting memorandum of law (Docket No. 16 at 16-17) that the Motion to Strike is actually directed toward Rosenblum's unnotarized, undated "affidavit" filed in support of Defendant's Motion to Dismiss (Docket No. 13-3).  Because the Motion to Dismiss is now moot, the Motion to Strike is likewise moot, and is denied.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Amend is denied insofar as she seeks to add a claim under 47 U.S.C. ¶ 223, and granted as to the addition of the TCPA claim.  Defendant's Motion to Dismiss is denied as moot, and Plaintiff's Motion to Strike is denied as moot.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion to for Leave to Amend (Docket No.12) is GRANTED in part and DENIED in part, as set forth fully above.

FURTHER, that Defendant's Motion to Dismiss (Docket No. 13) is DENIED.

FURTHER, that Plaintiff's Motion to Strike (Docket No. 17) is DENIED.

FURTHER, that Plaintiff shall file her Second Amended Complaint within 20 days after the date of this Decision and Order.

FURTHER, that Defendant shall answer or move against the Second Amended

Complaint within 20 days after its filing.


    SO ORDERED

Dated:    December 24, 2008
              Buffalo, New York

      /s/William M. Skretny
     WILLIAM M. SKRETNY
     United States District Judge